**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ENOMA IGBINOVIA, | ) | 3:16-CV-0497-MMD (VPC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | January 24, 2018 |
| STATE OF NEVADA, et al., | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: LISA MANN    REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Several motions currently pending, and the court will address each motion in turn.

**ECF No. 78 – Plaintiff's motion to stay defendants' summary judgment pending discovery**

The court notes that defendants filed a motion to dismiss (ECF No. 64) and a motion for summary judgment (ECF No. 65). Therefore, no scheduling order has issued in this matter because a scheduling order is issued following an answer. Nevertheless, plaintiff apparently served numerous requests for discovery prematurely, and defendants received an extension of time to January 26, 2018 to respond to the requests (ECF No. 88). The court finds defendants' motion for summary judgment to be procedural in nature because it concerns the statute of limitations. Therefore, further discovery beyond what has already been propounded and which defendants are responding to by January 26, 2018 will be unnecessary at this stage.

Therefore, plaintiff's motion to stay defendants' summary judgment pending discovery (ECF No. 78) is **GRANTED in part**. The Court will allow plaintiff an extension of time to **Friday, February 16, 2018** to file a response to the motion for summary judgment so that he will have ample time to review the responses to the discovery already propounded.

The court **DECLINES** to review plaintiff's in camera submission of propounded discovery (ECF No. 90).

**ECF No. 93 – Defendants' motion to strike plaintiff's surreply to defendants' reply in support of motion to dismiss**

Defendants' motion to strike plaintiff's surreply in support of motion to dismiss (ECF No. 93) is **GRANTED**. Surreplies are not permitted without leave of court. Local Rule 7-2(b). Therefore, plaintiff's surreply (ECF No. 91) is hereby **STRICKEN.**

Defendants' motion to dismiss is fully briefed and no further briefing on this issue will be permitted.

**ECF No. 86 – Plaintiff's motion for leave to file in excess of 20 pages in response to defendants' motion for summary judgment**

Defendants' motion for summary judgment (ECF No. 65) is a total of six pages. There is no reason for plaintiff to exceed the page limit in response to this motion. Therefore, plaintiff's motion for leave to file in excess of 20 pages (ECF No. 86) is **DENIED**.

**ECF No. 77 – Plaintiff's motion for enlargement of time to complete service and**
**ECF No. 87 – Plaintiff's motion for leave to serve by publication**

The only defendant who remains unserved in this action is Gregory Martin because the U.S. Marshal was unable to serve this defendant at the address provided under seal despite three attemtps to do so (ECF No. 62). Plaintiff's motion for enlargement of time to complete service as to Gregory Martin (ECF No. 77) is **GRANTED**. Plaintiff shall have to and including **Friday, March 30, 2018** to serve this defendant. The other defendants are hereby considered timely served.

Plaintiff also seeks to have Mr. Martin served by publication (ECF No. 87). Plaintiff's motion is **GRANTED**. However, there is no provision in the in forma pauperis statute which provides for the court, the United States Marshal Service, or the Nevada Attorney General to pay for the costs associated with service by publication. See 28 U.S.C. § 1915; see also Local Rule of Special Proceedings and Appeals ("LSR") 1-6 ("The granting of an application to proceed in forma pauperis does not waive the applicant's responsibility to pay the expenses of litigation which are not covered by 28 U.S.C. § 1915."). While unfortunate for plaintiff, it is not the fault of the court, the United States Marshal Service, or the Nevada Attorney General that unserved defendants may have provided an incorrect or no address upon leaving the employ of NDOC. Therefore, if plaintiff wishes to serve someone by publication, he must make all the arrangements for such service and cover all the cost of such service at his own expense.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk